Old Orange County Apple Brandy Distillery, Inc. et al. [1] v. Commissioner. Old Orange County Apple Brandy Distillery, Inc. v. Commissioner
Docket Nos. 25583, 25584.
United States Tax Court
T.C. Memo 1955-316; 1955 Tax Ct. Memo LEXIS 19; 14 T.C.M. (CCH) 1235; T.C.M. (RIA) 55316; November 30, 1955
*19 Sidney Meyers, Esq., 51 Chambers Street, New York 7, N. Y., for the petitioners. Joseph F. Lawless, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined deficiencies for the years 1943 and 1944, and penalties, as follows: Docket No. 25583
Sec.
Tax
Year
Deficiency
293(b)
Income tax
1943
$ 1,278.44
$ 639.22
Income tax
1944
2,227.88
1,113.94
D.V.E.P. tax
1943
2,448.12
1,224.06
D.V.E.P. tax
1944
5,998.51
2,999.25
Excess profits tax
1943
10,227.02
5,113.51
Excess profits tax
1944
29,550.42
14,775.21
Docket No. 25584
Income
1943
$ 6,489.25
$3,244.62
Income
1944
10,492.59
5,694.18
The issues to be decided are: (1) Whether the taxable income of the corporation, Old Orange County Apple Brandy Distillery, Inc., was understated in its returns for each of the years 1943 and 1944, and, if so, the correct amounts of taxable income for each year. The petitioner, the corporation, concedes that some of the respondent's adjustments for each year are correct. (2) Whether any part of the deficiencies of the corporation is due to fraud with intent to *20 evade tax under section 293(b) of the 1939 Code. (3) Whether the petitioner, John F. McMullen and his wife, Felicie McMullen, were members of a copartnership during 1943 and 1944, which carried on a business of operating an apple cider mill. (4) Whether the taxable net income of the petitioner, John F. McMullen for each taxable year, 1943 and 1944, was understated. (5) Whether any part of a deficiency in the income tax liability of John F. McMullen is due to fraud with intent to evade tax under section 293(b). Findings of Fact John F. McMullen is a resident of the town of Middlehope which is near Newburgh, New York. He filed individual income tax returns for 1943 and 1944. The returns were filed with the collector for the fourteenth district of New York in Albany. His wife is Felicie McMullen. She filed individual income tax returns for 1943 and 1944. [2]
Old Orange County Apple Brandy Distillery, Inc., is a corporation which was organized under the laws of New York in 1936. It filed corporation returns for 1943 and 1944 with the collector for the fourteenth district of New York at Albany. The corporation has *21 its place of business in Middlehope, New York. It carries on a business of distilling and selling apple brandy. John F. McMullen and Felicie are and have been at all times the chief and controlling stockholders of the corporation, and John F. McMullen was the president during the taxable years. John McMullen was born in County Down, Ireland, in 1882. He started to earn his living when he was twelve in a riding and racing stable, and his occupation for his livelihood was riding and caring for horses until around 1927 when he and his wife, Felicie, purchased a cider mill and property in Middlehope, New York. McMullen came to the United States in 1906. He obtained employment as a horseman at a privately owned estate in Providence, Rhode Island. There he met Felicie, who was employed as a companion by the lady who owned the estate. Felicie was born in France. She lived on a farm until she came to the United States. McMullen and Felicie were married in 1909. At the time they were married they had savings; Felicie had about $2,000, and McMullen had about $700. After their marriage, they worked at various places and their savings increased. In 1927, the McMullens jointly purchased *22 property in Middlehope on which was located a house and, nearby, a cider mill. Each contributed to the down payment on the property and both signed a note given in connection with the purchase. They have lived in the house since 1927. After acquiring the property, McMullen and Felicie, together, operated the cider mill. They agreed orally to carry on a business of making and selling apple cider as copartners, each having a one-half interest. They have carried on a business of operating the cider mill continuously from some time in 1927 up to the present. Felicie has at all times worked long hours each day at the cider mill. During 1943 and 1944, and before, she bought apples, checked the weight of loads of apples, and supervised the bottling of the cider. She also made sales of cider to persons who came to the mill. At one time, prior to 1943, she kept the books of account for the cider mill. She signed all checks drawn in the conduct of the business. The McMullens opened a joint bank account at Columbus Trust Company in Middleburgh after they went into the cider business. They still have this bank account. They deposited the receipts from the cider business in this account and *23 used it for the business. It was necessary to borrow money each autumn for the operation of the business. Loans were always obtained from the Columbus Trust Company. Notes were signed by Felicie as well as by McMullen. Prior to 1936, all of the cider produced at the mill was sold to stores and grocers such as Bohack, Grand Union, and other concerns in Manhattan and Brooklyn. In 1936, the McMullens set up a distillery on their property, near the cider mill, for the purpose of making apple brandy. Thereafter a large part of the apple cider produced at the mill was sold to the Old Orange County Apple Brandy Distillery, Inc., which was organized to carry on a business of making and selling apple brandy. It is referred to hereinafter as the corporation. The McMullens continued the operation of their apple cider business after the distillery corporation was organized. That is to say, two businesses were conducted. The McMullens continued to carry on the cider mill business, and the corporation conducted a separate business of making and selling apple brandy. When the corporation was organized, 1,000 shares of stock were issued; 600 to the McMullens, and about 400 shares to others *24 who were not members of the McMullen family. The stock was so held in 1943 and 1944. The McMullens have always owned the controlling interest. A separate bank account was opened for the corporation at the Columbus Trust Company in Middleburgh. This bank account has been continuously maintained. Prior to June 1944, the McMullens employed an independent accountant to audit the books of the corporation and of the cider mill business. They became dissatisfied with this accountant's services and employed a new accountant in June 1944. The new accountant found that the accounting records were inadequate. He made a complete audit of the books and examined check books and the statements of the two bank accounts. He found errors and some duplications. He made adjustments to bring some accounts into balance using accepted and customary accounting practices. He did not find that the accounts of the corporation were inadequate, however, to clearly reflect the corporation's income, and he was able to clarify a good many discrepancies. The accounting records of the corporation were sufficient to clearly and correctly reflect the income of the corporation for the taxable years. The corporation, *25 Old Orange County Apple Brandy Distillery, Inc., (Docket No. 25583), did not realize additional income in 1943 in the amount of $17,893.65. The respondent erred in including that amount in the corporation's income for 1943. The corporation did not accrue in 1943 accounting fees in the amount of $334.83, and the respondent erred in allowing a deduction for 1943 in that amount for accounting fees. The corporation was not entitled to deductions for 1943 totaling $1,062.60, as set forth below, and the respondent properly disallowed these deductions: (a) Interest
$ 75.00
(b) Wages
245.00
(c) Repairs
100.00
(d) Trucking expense
500.00
(e) Cost of electrical work
142.60
$1,062.60
The corporation did not realize additional income in 1944 in the amount of $37,375.56. The respondent erred in including that amount in the corporation's income for 1944. The corporation accrued accounting expense in 1944 in the amount of $334.83, which accrued expense is deductible in 1944. The corporation did not have an accrued accounting expense in 1944 in the amount of $669.67, and the respondent properly disallowed a deduction for 1944 in that amount. The corporation was *26 not entitled to deductions for 1944 totaling $10,606.57, as set forth below, and the respondent properly disallowed these deductions: (a) Attorney fees $ 1,000.00
(b) Organization fees 350.00
(c) Capital item, not expense 634.00
(d) Alleged expenses 8,622.57 $10,606.57 No part of any tax deficiency of the corporation for 1943 and for 1944 was due to fraud with intent to evade tax. John F. McMullen and his wife, Felicie McMullen, in 1943 and 1944, and in earlier years, were copartners in a partnership which carried on the operation of the cider mill, each having a 50 per cent interest in the partnership. The partnership was formed in 1927 under an oral agreement of John and Felicie to operate a cider mill business as equal partners. In 1927, and thereafter, each contributed capital to the business, and since the creation of the partnership, and throughout 1943 and 1944, each rendered services in the conduct of the partnership business. There was a valid partnership in 1943 and 1944 in which John and Felicie were the sole partners. Neither John nor Felicie kept accurate and adequate accounting records for 1943 and 1944. They did not keep accurate and adequate accounting *27 records for their cider mill partnership business for 1943 and 1944. It is proper to reconstruct the income for 1943 and 1944 of John and Felicie by use of the increase in net worth and expenditures method. The parties are now agreed upon the items of assets and liabilities which enter into a joint net worth statement for John and Felicie beginning on January 1, 1943 and ending on December 31, 1944. The agreed joint net worth statement (Exhibit 17-K) is incorporated herein by this reference. In summary form, the increase in net worth plus expenditures of John and Felicie for 1943 are as follows: 1943
Net worth on December 31, 1943
$42,874.31
Net worth on January 1, 1943
24,762.36
Increase in net worth in 1943
$18,111.95
Add: Living expenses
$2,800.00
Taxes paid
1,570.40
4,370.40
Taxable income of John and Felicie
$22,482.35
Net income reported: John
$7,458.62
Felicie
2,600.00
$10,058.62
Unreported income of John and
Felicie
$12,423.73
The petitioner, John McMullen, realized additional income in 1943, which he failed to report, in the amount of $6,211.87. Felicie realized additional income in 1943, which she failed to report, *28 in the amount of $6,211.86. In summary form, the increase in net worth plus expenditures of John and Felicie for 1944 are as follows: 1944
Net worth on December 31, 1944
$73,584.34
Net worth on January 1, 1944
42,874.31
Increase in net worth in 1944
$30,710.03
Add: Living expenses
$ 2,800.00
Taxes paid
2,122.13
4,922.13
Taxable income of John and Felicie
$35,632.16
Net income reported on amended
returns: John
$10,091.74
Felicie
8,744.07
$18,835.81
Unreported income of John and
Felicie
$16,796.35
The petitioner, John McMullen, realized additional income in 1944, which he failed to report, in the amount of $8,398.18. Felicie realized additional income in 1944, which she failed to report, in the amount of $8,398.17. John and Felicie expended in each of the years 1943 and 1944, for their living expenses and personal expenses, exclusive of taxes, the sum of $2,800. In determining the deficiencies of the petitioner, John McMullen, for the years 1943 and 1944, the respondent erred in including in his income for 1943, $10,497.47, and in his income for 1944, $13,189.62, which he determined represented a "constructive dividend" *29 for each year of the corporation, Old Orange County Apple Brandy Distillery, Inc. The petitioner, John McMullen, did not constructively or actually receive dividends from the corporation in 1943 and 1944 in the above respective amounts. In determining the deficiency of John McMullen for 1943, the respondent erred in including in his income the sum of $3,828.75 as unreported income from the cider mill business. In determining the deficiency of John McMullen for 1944, the respondent erred in including in his income the sums of $2,657.10 ("understated net income partnership"), and $6,144.07 ("partnership income reported by Felicie McMullen"). No part of the deficiency of the petitioner, John McMullen, for 1943 and for 1944 was due to fraud with intent to evade tax. Opinion The Findings of Fact dispose of the issues presented. The petitioner, John McMullen, and his wife, Felicie, were and are copartners in the operation of a cider mill business. Its business was and is separate and apart from the business of the distillery corporation. There are and were separate bank accounts of each business enterprise. The partnership has sold at all times, raw apple cider to the distillery, *30 and there has been a running account between the two business operations in which the sales of cider to the corporation have been recorded. For several years prior to the taxable years, and during the taxable years, there has been a balance in this account in favor of the partnership which, for unexplained reasons, has not been off-set each year by payments of the corporation of sums due and payable to the partnership. Felicie McMullen and, later, her daughter undertook to keep and maintain the accounting records of both the partnership and the corporation, although neither of these individuals was qualified by training or experience to keep accurate and adequate accounting records for a substantial business. Poor accounting records and careless procedures explain the difficulties which agents of the respondent encountered upon making audits of the accounting records. In 1944, the petitioner, John McMullen, engaged the services of an independent accountant, to audit the books of the corporation and of the partnership. He went over all of the records including check books and statements of the two bank accounts. He found errors and he made adjustments according to customary accounting *31 practice, to correct errors. He testified at length in these proceedings. Upon all of the evidence, it is concluded and has been found that the respondent erred in determining that the distillery corporation realized "unidentified" income in each taxable year which it failed to report in its returns, and that part of such purportedly unreported income had been constructively received by McMullen as dividends in 1943 and 1944. The corporation does not contest other adjustments which increase its taxable income in each year. The disallowances for each year of various deductions, some of which were capital rather than expense items, are sustained. There are deficiencies due and owing by the corporation for 1943 and 1944, but no part of any deficiency is due to fraud with intent to evade tax. Under this issue, the respondent has not sustained his burden of proof. With respect to the petitioner, John McMullen, it is concluded that the accounting records for the partnership business (and we are satisfied that he and his wife carried on a cider business as copartners) were so poorly kept and maintained that the respondent was justified in resorting to the net worth plus expenditures *32 method in order to construct income of McMullen. During the trial of these proceedings, the parties agreed that it is necessary to use a revised joint net worth statement for both John and Felicie McMullen in order to arrive at John McMullen's taxable income for 1943 and 1944. Counsel for the parties have agreed upon a joint net worth statement. Of course, Felicie is not a petitioner in these proceedings, but it is understood that because of her execution of agreements and waivers relating to her individual returns, the years 1943 and 1944 are open, and that the agreed joint net worth statement may be given effect by the Commissioner in finally determining the correct amounts of her taxable income for 1943 and 1944. With respect to this matter, the Court has no jurisdiction, however, and it is mentioned only in explanation of the agreement of the parties during the trial of these proceedings about the further use of the revised joint net worth statement. The joint net worth statement, exhibit 17-K, establishes the fact that John McMullen realized more income in each of the taxable years 1943 and 1944 than he reported in his returns, giving due effect to the existence of the cider *33 mill partnership. The existence of the unreported income, and the failure of McMullen to correctly report all of his income, is due to carelessness and to ignorance of accounting procedures. That may also explain to a large extent the continuous purported balances in the account between the corporation and the partnership for the purchases of raw cider from the partnership. The question of whether any part of the deficiencies owing by McMullen is due to fraud with intent to evade tax has been carefully considered. Under this issue the respondent has the burden of proving fraud by clear and convincing evidence. The entire record is not persuasive that McMullen's understatement of his income was due to fraud. The respondent has failed in his burden of proof. McMullen's failure to report all of the income he realized in each of the taxable years was due to negligence and carelessness. He was negligent in not employing competent accounting and bookkeeping services. He was also, it appears, inadequately served by an outside accountant whose services he obtained before 1944, and before he engaged another accountant during 1944. McMullen's advanced age, his lack of education, and his misguided *34 reliance upon others have been taken into account. Negligence is not tantamount to fraud. Upon the record before us, the fraud penalties are not sustained. Counsel for both parties were able to agree, before the trial of these proceedings was completed, upon most of the items entering into a revised joint net worth statement for the McMullens. Their agreement, to which effect is given in the findings, provides a fair solution for most of the issues presented. Their agreement makes it unnecessary for the Court to find that McMullen's unreported income for each year, in the amount found, represented some type of distribution by the corporation. In any event, even if a finding were to be made to that effect, the unreported income for each year is substantially less than the Commissioner originally determined. Decisions will be entered under Rule 50. Footnotes
1. Docket No. 25584, John F. McMullen has been consolidated with Docket No. 25583.↩
2. Felicie McMullen is not a petitioner in these proceedings.↩